**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| AUGUSTIN PEREZ HERNANDEZ, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | |
| | ) | No. 2:26-cv-02886-SHL-cgc |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,[1] | ) ) ) ) | |
| Respondent. | ) ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On July 17, 2026, pro se Petitioner Augustin Perez Hernandez filed the Petition for Writ

of Habeas Corpus under 28 U.S.C. § 2241.[2]  (ECF No. 1.)  He challenges his continuous

detention without a bond hearing.  (Id. at PageID 1.)  Perez Hernandez states that he "lawfully

entered the United States with a valid work visa."  (Id. at PageID 2.)  He has since "established

substantial ties to the United States," including the organization of an LLC and the presence of

his spouse.  (Id.)  On May 6, 2026, ICE agents encountered him on a public street and arrested

him.  (Id.)  He seeks "such relief as the Court determines is appropriate under the Constitution."

---

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement.  See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens.").  Accordingly, the Warden of the West Tennessee Detention Facility, the U.S. Department of Homeland Security, and Immigration and Customs Enforcement are dismissed from the case.

[2] Along with the Petition, Perez Hernandez filed two additional motions.  The Emergency Motion for Immediate Release (ECF No. 3) is **DENIED AS MOOT** because it seeks relief duplicative of that sought in the Petition.  The Emergency Motion to Expedite Consideration of Petition for Writ of Habeas Corpus (ECF No. 4), however, is **GRANTED**.

(Id. at PageID 3.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)    The Clerk of Court shall email copies of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee at the following email address: **stuart.canale@usdoj.gov**.

(2)    Within **three business days** of this Order, Respondent shall respond to the Petition.  If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)    Petitioner may file a reply after Respondent's responsive filing.

(4)    Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 20th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE