**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| AUGUSTIN PEREZ HERNANDEZ, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02886-SHL-cgc |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office, | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION**

On July 17, 2026, pro se Petitioner Augustin Perez Hernandez filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  Perez Hernandez, a citizen of Mexico, challenges his continuous detention without a bond hearing.  (Id. at PageID 1; ECF No. 12 at PageID 129.)  He seeks "such relief as the Court determines is appropriate under the Constitution."  (ECF No. 1 at PageID 3.)  Respondent responded on July 24.  (ECF No. 12.)  Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026).  (Id. at PageID 129.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Perez Hernandez "lawfully entered the United States with a valid work visa" in November 2015.  (ECF Nos. 1 at PageID 2; 12 at PageID 129.)  He has since "established substantial ties to the United States," including the organization of an LLC and the presence of his spouse.  (ECF No. 1 at PageID 2.)  On May 6, 2026, ICE agents arrested him after the Sparta

Police Department conducted a traffic stop.  (Id.; ECF No. 12 at PageID 130.)  He remains detained at the West Tennessee Detention Facility.  (ECF No. 1 at PageID 2.)

**ANALYSIS**

Respondent concedes that Lopez-Campos governs this matter.  (ECF No. 12 at PageID 129.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not 'seeking admission.'"  Lopez-Campos, 175 F.4th at 732.  Nevertheless, Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief.  (ECF No. 12 at PageID 130.)  Specifically, according to Respondent, "Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court."  (Id. at PageID 129.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 225 (BIA 2025) (holding that an immigration judge "lack[s] authority to hear bond requests or to grant bond to aliens who are present in the United States without admission").

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734.  ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside.  Thus, Petitioner is entitled to immediate release.  See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10

2

(W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with <u>Lopez-Campos</u> and this Court's decision in <u>Villafranca Lara,</u> and after consideration of the record, the Petition is **GRANTED**.

<u>**CONCLUSION**</u>

For the reasons stated above, the Petition is **GRANTED**.  Respondent is **ORDERED** to immediately release Petitioner from custody.  Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A).  Respondent is further **ORDERED** to file a Status Report with this Court within **three business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 27th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3